1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   WILLIE NORTON,                    Case No.  2:18-cv-09113-RGK-KES
12              Petitioner,
                                       ORDER TO SHOW CAUSE WHY
13        v.                           PETITION FOR WRIT OF
                                       HABEAS CORPUS SHOULD NOT
14   PEOPLE OF THE STATE OF            BE SUMMARILY DISMISSED
                                       FOR LACK OF SUBJECT
15   CALIFORNIA,                       MATTER JURISDICTION
16              Respondent.
17
18
19                                    **I.**
20                              **BACKGROUND**
21        On October 8, 2018 (signature date), Willie Norton ("Petitioner")
22   constructively filed a "Petition for Proposition 57 for Resentence P.C. § 1170.18(f)-
23   (i)" and "Notice of English Common Law Jurisdiction 1265(a)."  (Dkt. 1
24   ["Petition"].)
25        In the Petition, Petitioner identifies three prior felony convictions that he
26   sustained, as follows:
27        •   July 22, 2011, in Los Angeles County Superior Court ("LACSC")
28

                                      1

case no. TA114930 for violating California Penal Code ("PC")
section 245(A)(1) (assault with a deadly weapon other than a
firearm);

- April 5, 2000, in LACSC case no. BA197473: PC section
  245(A)(1); and
- June 25, 1988, in LACSC case no. TA 039312: PC section 422
  (criminal threats).

(Pet. at 1.) Petitioner requests that "this Hon. United States District Court
redesignate the above-listed felonies as **Serious Felony** to be eligible for
Proposition 57 under P.C. § 1170.18(f)-(i)." (Id.)

California's Proposition 57, approved by voters in November 2016, makes
parole more available for certain felons convicted of nonviolent crimes.
Specifically, Proposition 57 adds Article I, section 32 to the California Constitution.
That section provides:

§ 32. Public Safety and Rehabilitation Act of 2016

(a) The following provisions are hereby enacted to enhance public
safety, improve rehabilitation, and avoid the release of prisoners by
federal court order, notwithstanding anything in this article or any
other provision of law:

(1) Parole Consideration: Any person convicted of a nonviolent felony
offense and sentenced to state prison shall be eligible for parole
consideration after completing the full term for his or her primary
offense.

(A) For purposes of this section only, the full term for the primary
offense means the longest term of imprisonment imposed by the court
for any offense, excluding the imposition of an enhancement,
consecutive sentence, or alternative sentence.

(2) Credit Earning: The Department of Corrections and Rehabilitation

2

shall have authority to award credits earned for good behavior and
approved rehabilitative or educational achievements.

(b) The Department of Corrections and Rehabilitation shall adopt
regulations in furtherance of these provisions, and the Secretary of the
Department of Corrections and Rehabilitation shall certify that these
regulations protect and enhance public safety.

Cal. Const. art. I, § 32. The addition of § 32 to the California Constitution is the
only change made to the adult criminal justice system in California by Proposition
57. See Travers v. California, No. 17-cv-06126, 2018 U.S. Dist. LEXIS 18715, at
*3-5, 2018 WL 707546, at *2-3 (N.D. Cal. Feb. 5, 2018).

California Penal Code section 1170 addresses determinate sentencing. It also
provides authority for recalling the sentence of some criminal defendants so that
they can be re-sentenced under new guidelines.

## II.

## DISCUSSION

The Clerk of the Court construed Petitioner's filing as a Petition for Writ of
Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Under
§ 2254, a "federal court may issue a writ of habeas corpus to a state prisoner 'only
on the ground that he is in custody in violation of the Constitution or laws or
treaties of the United States.'" Swarthout v. Cooke, 562 U.S. 216, 219 (2011)
(citing § 2254); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not
the province of a federal habeas court to reexamine state-court determinations on
state-law questions. In conducting habeas review, a federal court is limited to
deciding whether a conviction violated the Constitution, laws, or treaties of the
United States.").

Petitioner does not allege that his current custody is in violation of federal
law. He does not explain why he believes that this federal district court -- as
opposed to the California state courts -- would have authority to "redesignate" his

prior felony convictions under California law, thereby potentially rendering him eligible for resentencing and/or earlier parole consideration.

Under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

Here, Petitioner may be alleging that his current custody is in violation of state law. If so, then he has not pled a basis for federal habeas relief, and he should re-file his petition in state court.

**On or before November 30, 2018**, Petitioner shall respond to this Order to Show Cause by (1) explaining why his current custody violates the United States Constitution or other federal law, (2) filing a First Amended Petition that pleads a basis for federal habeas relief, or (3) voluntarily dismissing this Petition, without prejudice to refiling it in state court.

If Petitioner files a First Amended Petition, then he should use the Central District of California's standard form for § 2254 petitions, which the Clerk shall attach to this order.

Nothing in this order prevents Petitioner from immediately pursuing exhaustion of his federal claims (if any) in state court if he has not already done so. See generally Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (before presenting claims to a federal court under § 2254, the petitioner must present them to the highest court in the state court system, i.e., the California Supreme Court).

DATED: October 29, 2018

_Karen E. Scott_

_____

KAREN E. SCOTT
United States Magistrate Judge