O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE NORTON,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 2:18-cv-09113-RGK-KES<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I.

## BACKGROUND

On October 8, 2018, Willie Norton ("Petitioner") constructively[1] filed a

---

[1] "Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citation omitted); Houston v. Lack, 487 U.S. 266 (1988). A court generally deems a habeas petition filed on the day it is signed, Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), because it assumes the petitioner turned the petition over to prison authorities for mailing that day. Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam, as amended).

"Petition for Proposition 57 for Resentence P.C. § 1170.18(f)-(i)" and "Notice of English Common Law Jurisdiction 1265(a)." (Dkt. 1 ["Petition"].) In the Petition, Petitioner identifies three prior felony convictions that he sustained, as follows:

- July 22, 2011, in Los Angeles County Superior Court ("LACSC") case no. TA114930 for violating California Penal Code section 245(A)(1) (assault with a deadly weapon other than a firearm);
- April 5, 2000, in LACSC case no. BA197473 for violating California Penal Code section 245(A)(1); and
- June 25, 1988, in LACSC case no. TA 039312 for violating California Penal Code section 422 (criminal threats).

(Pet. at 1.) Petitioner requests that "this Hon. United States District Court redesignate the above-listed felonies as Serious Felony to be eligible for Proposition 57 under [California Penal Code] § 1170.18(f)-(i)." (Id.)

California's Proposition 57, approved by voters in November 2016, expands eligibility for parole for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 adds Article I, section 32 to the California Constitution, which provides as follows:

> § 32. Public Safety and Rehabilitation Act of 2016
> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court

> for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32. The addition of section 32 to the California Constitution is the only change made to the adult criminal justice system in California by Proposition 57. See Travers v. California, No. 17-cv-06126, 2018 U.S. Dist. LEXIS 18715 at *3-5, 2018 WL 707546 at *2-3 (N.D. Cal. Feb. 5, 2018).

California Penal Code section 1170.18, which the Petition also cites, addresses determinate sentencing. It also provides authority for recalling the sentence of some criminal defendants so that they can be re-sentenced under new guidelines.

## II.
## DISCUSSION

The Clerk of the Court construed Petitioner's filing as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Under § 2254, a "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (quoting § 2254); see also Estelle v.

McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

The Petition does not allege that Petitioner's current custody is in violation of federal law. It does not explain why he believes that this federal district court—as opposed to the California state courts—would have authority to "redesignate" his prior felony convictions under California law, thereby potentially rendering him eligible for resentencing and/or earlier parole consideration. To the extent he is arguing that his current custody violates California law, this claim is not cognizable in a federal habeas proceeding. The Magistrate Judge previously ordered Petitioner to show cause, on or before November 30, 2018, why the Petition should not be dismissed by "(1) explaining why his current custody violates the United States Constitution or other federal law, (2) filing a First Amended Petition that pleads a basis for federal habeas relief, or (3) voluntarily dismissing this Petition, without prejudice to refiling it in state court." (Dkt. 3 at 4.) As of this date of this Order, Petitioner has not responded to that order to show cause.

## III.
## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that the Petition (Dkt. 1) and this action are dismissed.

DATED: February 04, 2019

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge

4